IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-58-BO

| | |
|---|---|
| CLYDE PRIDGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion to Remand. For the reasons stated below, Defendant's Motion to Remand is GRANTED and Plaintiff's Motion for Judgment on the Pleadings is DENIED as MOOT.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292 (1993). "In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and 'may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Culbertson v. Barnhart*, 214 F.Supp.2d 788, 795 (N.D.Oh. 2002) (quoting *Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)).

The defect in the original proceedings resulted from the ALJ's improper consideration of

and reliance upon medical records of patients other than Plaintiff, which were inadvertently provided by Urology Associates of Southeastern North Carolina. In light of this error, this case is REMANDED to the ALJ for re-consideration of Plaintiff's claims. Because the case is remanded, Plaintiff's Motion for Judgment on the Pleadings is DENIED as MOOT.

SO ORDERED, this 5 day of February 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE